**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EAGLEBURGMANN INDUSTRIES LP,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:25-cv-04967 |
| **MICHAEL BERNSTEIN and PRECISION SERVICES INDUSTRIAL GROUP, LLC,** | § § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Michael Bernstein ("Bernstein") and Defendant Precision Services Industrial Group, LLC ("PSIG") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Answer to Plaintiff's Complaint. Defendants respond to the Paragraphs in Plaintiff's Complaint as follows:

## NATURE OF THIS ACTION

1.     Defendants admit that Plaintiff has brought this lawsuit for the specific causes of action listed in Paragraph 1. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that Plaintiff seeks the relief identified in Paragraph 2. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint.

1

3.     Defendants admit that Bernstein accepted employment with PSIG. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

4.     Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint.

5.     Defendants admit that Plaintiff is seeking the recovery of damages. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     Defendants admit that Plaintiff seeks a preliminary and permanent injunction. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.

7.     Defendants admit that Plaintiff requests an order from the Court for the specific relief identified in Paragraph 7. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit that Plaintiff seeks all damages to which it may be legally and equitably entitled. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

## PARTIES

9.     Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit that Bernstein was an employee of EagleBurgmann for over seven (7) years and one of the roles he held there was Territory Manager. Defendants further admit the allegations in the second sentence of Paragraph 10 of Plaintiff's Complaint.

11.    Regarding the first sentence of Paragraph 11, Defendants admit that PSIG and EagleBurgmann are competitors in the sale of certain competitive services related to static sealing. Defendants admit the allegations in the remaining sentences of Paragraph 11 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

12.    Defendants admit that Plaintiff has asserted a claim under the Defend Trade Secrets Act. With regard to the remaining allegations in Paragraph 12, Defendants state that the allegations constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

13.    Defendants admit that Plaintiff and Defendants are residents of different states. Defendants admit that Plaintiff is claiming an amount that exceeds $75,000 but denies that Plaintiff is entitled to any amount in damages. With regard to the remaining allegations in Paragraph 13, Defendants state that the allegations constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

14.    Defendants state that the allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

15.    Defendants state that the allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

16.    Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same.

**FACTS**

17.    Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants admit that, in 2024, Bernstein was tasked as noted in the first sentence of Paragraph 19 of the Complaint. Defendants also admit the second sentence of Paragraph 19.

20.    Defendants admit that Bernstein had access to certain sales information identified in the bulleted list in Paragraph 20. Defendants are without knowledge sufficient to admit or deny whether the information identified constitutes confidential information, proprietary information, or trade secrets of Plaintiff, and therefore deny the same.

21.    Defendants admit that Bernstein has knowledge of the specific types of information identified in the numbered list in Paragraph 21. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendants admit that EagleBurgmann considers this information confidential, proprietary, and trade secret information.

23.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint and therefore deny the same.

24.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and therefore deny the same.

4

25.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants are without knowledge sufficient to admit or deny the reasons why EagleBurgmann executed the Agreement and therefore deny the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants are without knowledge sufficient to admit or deny where the Agreement was "crafted" or why EagleBurgmann crafted the Agreement, and therefore deny the same. Defendants admit that EagleBurgmann is a business residing in the State of Texas. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants admit the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants admit that PSIG was aware of the Agreement when Bernstein received an offer. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendants admit the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendants are without knowledge sufficient to admit or deny what EagleBurgmann was informed and therefore deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit that PSIG and EagleBurgmann directly compete in the sale of certain competitive services related to static sealing. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations in Paragraph 40 of Plaintiff's Complaint.

6

41. Defendants admit that Bernstein sent emails from his EagleBurgmann account to his personal Gmail account. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit that Bernstein deleted emails from his EagleBurgmann inbox. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 44 of Plaintiff's Complaint and therefore deny the same.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit that Plaintiff filed this action. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT I

48. In answering Paragraph 48, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

49. Defendants state that the allegations in Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

50. Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants further state that the allegations in

Paragraph 50 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

## COUNT II

55.     In answering Paragraph 55, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

56.     Defendants state that the allegations in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

57.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants further state that the allegations in Paragraph 57 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

## COUNT III

62.     In answering Paragraph 62, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

63.     Defendants state that the allegations in Paragraph 63 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

64.     Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants further state that the allegations in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

## COUNT IV

70.     In answering Paragraph 70, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

71.     Defendants admit that PSIG was aware of the Agreement. Defendants further admit that the Agreement speaks for itself and deny any characterization inconsistent with the same. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

**COUNT V**

78.     In answering Paragraph 78, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

79.     Defendants admit that PSIG was aware of the Agreement. Defendants further admit that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants deny that PSIG was made privy to any of the types of alleged EagleBurgmann information identified in the bulleted list in Paragraph 79. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint.

83.    Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint.

## COUNT VI

84.    In answering Paragraph 84, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

85.    Defendants admit that Bernstein had access to certain sales information identified in the bulleted list in Paragraph 85 while employed by EagleBurgmann. Except as specifically admitted herein, Defendants deny Paragraph 85 of Plaintiff's Complaint.

86.    Defendants state that the Agreement speaks for itself and deny any characterization inconsistent with the same. Defendants further state that the allegations in Paragraph 86 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein. Except as specifically admitted herein, Defendants deny the remaining allegations in Paragraph 86 of Plaintiff's Complaint.

87.    Defendants admit the allegations in Paragraph 87 of Plaintiff's Complaint.

88.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 88 of Plaintiff's Complaint and therefore deny the same.

89.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 89 of Plaintiff's Complaint and therefore deny the same.

90.    Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint.

91.    Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

92.    Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint.

93.    Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

## COUNT VII

95.     In answering Paragraph 95, Defendants incorporate by reference and re-allege their responses to each of the allegations above as if fully set forth herein.

96.     Defendants admit that Bernstein had access to certain sales information identified in the bulleted list in Paragraph 96. Defendants are without knowledge sufficient to admit or deny whether the information identified constitutes confidential information, proprietary information, or trade secrets of Plaintiff, and therefore deny the same. Except as specifically admitted herein, Defendants deny Paragraph 96 of Plaintiff's Complaint.

97.     Defendants state that the allegations in Paragraph 97 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained therein.

98.     Defendants admit the allegations in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 100 of Plaintiff's Complaint and therefore deny the same.

101.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 101 of Plaintiff's Complaint and therefore deny the same.

102.    Defendants deny the allegations in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiff's Complaint.

To the extent that any response is required to the "DEMAND FOR JURY TRIAL" or "PRAYER FOR RELIEF" sections of Plaintiff's Complaint, then Defendants deny all allegations and specifically deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Any and all other allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied in their entirety.

## SEPARATE DEFENSES

### FIRST DEFENSE

The Complaint is barred to the extent that it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has failed to mitigate fully its alleged damages.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside applicable limitations periods.

### FOURTH DEFENSE

Plaintiff's claims may be barred in whole or in part by laches, unclean hands, accord and satisfaction, estoppel, consent, ratification, and/or waiver.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because none of the alleged acts or omissions of Defendants were the proximate cause of injuries allegedly sustained by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

**SEVENTH DEFENSE**

Plaintiff's damages, if any, are barred to the extent that Plaintiff, in the exercise of ordinary care, could have avoided the consequence of any alleged conduct.

**EIGHTH DEFENSE**

Any injury suffered by Plaintiff was a result of Plaintiff's own conduct and/or failure to comply with the terms of any relevant and applicable contract(s) or law(s).

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the failure to allege facts sufficient to state a claim for damages.

**TENTH DEFENSE**

Any award of punitive damages in this case would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded under the United States Constitution.

### ELEVENTH DEFENSE

Plaintiff is barred from pursuing claims for punitive damages because the alleged acts and omissions, if any, of Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff its protected rights, and do not approach wanton or willful conduct to support an award of such damages.  Plaintiff has failed to state a claim for punitive damages under any law.

### TWELFTH DEFENSE

Plaintiff's claims are barred because they contravene public policy.

### THIRTEENTH DEFENSE

Plaintiff's tort claims are barred in whole by the economic loss rule.

### FOURTEENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses are barred in that Defendants have not acted in bad faith, have not been stubbornly litigious, and have not caused Plaintiff unnecessary trouble or expense in any transaction underlying Plaintiff's lawsuit.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred because they have not suffered the damages complained of in the Complaint.

### SIXTEENTH DEFENSE

Plaintiff's claims for tortious interference fail because Plaintiff has no valid contract upon which these claims are based.

## SEVENTEENTH DEFENSE

Plaintiff's claims for tortious interference fail because this claim is predicated on one or more contractual provisions that are unenforceable under applicable law.

## EIGHTEENTH DEFENSE

Plaintiff's breach of contract claims fail as they are based on contractual provisions that are unenforceable under applicable law.

## NINETEENTH DEFENSE

Plaintiff's breach of contract claims fails because Plaintiff lacks a legitimate interest to support the covenants at issue.

## TWENTIETH DEFENSE

Plaintiff's claims for tortious interference fail because Defendants acted within their competitive privileges.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for breach of contract and tortious interference with contract fail due to the doctrine of material breach.

## TWENTY-SECOND DEFENSE

Plaintiff's trade secret claims are barred because some or all of the alleged trade secret information is readily ascertainable by proper means.

## TWENTY-THIRD DEFENSE

Plaintiff's trade secret claims are barred because some or all of the alleged trade secret information lacks independent economic value.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it does not seek to protect confidential information or trade secrets.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off and/or recoupment. To the extent Plaintiff is entitled to any recovery (which it is not), Defendants are entitled to set-off the monies that may be due and owing to Bernstein against any damages that Plaintiff is entitled to recover.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by reason of Defendants' compliance with applicable contractual provisions, statutes, regulations, agency interpretations, and other provisions of law.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim is barred in whole or in part because Defendants did not knowingly, intentionally, or maliciously breach any contracts or violate any laws.

## TWENTY-NINTH DEFENSE

Defendants expressly reserve the right to amend their Answer to respond further and to assert additional defenses as may be revealed during the course of litigation.

17

WHEREFORE, Defendants, having fully answered the Complaint and having asserted their defenses thereto, respectfully request that the Court deny all relief requested in the Complaint, enter judgment in Defendants' favor, and grant Defendants such other relief as may be deemed just and appropriate.

Dated: June 12, 2026.

Respectfully submitted,

*s/ Lauren S. Frisch*
Lauren S. Frisch (*Pro Hac Vice*)
Attorney in Charge
Georgia Bar No. 410927
Fisher & Phillips LLP
1230 Peachtree Street NE, Ste. 3300
Atlanta, Georgia 30309
lfrisch@fisherphillips.com
Telephone: 404.231.1400
Facsimile: 404.240.4249

*Attorney-in-Charge for Defendants*
*Michael Bernstein and Precision Services*
*Industrial Group, LLC*

Emily P. Harbison
State Bar No. 24059892
Southern District No. 902584
Fisher & Phillips LLP
910 Louisiana Street, Suite 4000
Houston, Texas 77002
eharbison@fisherphillips.com
Telephone: 713.292.5620
Facsimile: 713.292.0151

Henry C. Fink (*Pro Hac Vice*)
Georgia Bar No. 180283
Fisher & Phillips LLP
1230 Peachtree Street NE, Ste. 3300
Atlanta, Georgia 30309
hfink@fisherphillips.com
Telephone: 404.231.1400
Facsimile: 404.240.4249

*Of Counsel for Defendants*
*Michael Bernstein and Precision Services*
*Industrial Group, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of June 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Lauren S. Frisch
Lauren S. Frisch (*Pro Hac Vice*)