**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| EAGLEBURGMANN INDUSTRIES LP, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BERNSTEIN and PRECISION SERVICES INDUSTRIAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 4:25-cv-4967 |

## JOINT MOTION FOR ENTRY OF AGREED INJUNCTION

Plaintiff EagleBurgmann Industries LP ("EagleBurgmann") and Defendants Michael Bernstein ("Bernstein") and Precision Services Industrial Group, LLC ("PSIG") (collectively the "Parties") hereby jointly move for the entry of an Agreed Injunction, and respectfully state as follows:

## FACTS AND PROCEDURE

1.      EagleBurgmann filed this lawsuit against Bernstein, a former Territory Manager, for alleged breaches of his Confidentiality, Non-Disclosure, Restrictive Covenant, and IP Ownership Agreement (the "Agreement," a true and correct copy of which is attached as **Exhibit A** to the proposed Injunction), and for alleged misappropriation of EagleBurgmann's trade secrets. EagleBurgmann also brought this lawsuit against PSIG for alleged trade secret misappropriation and its related

alleged tortious interference with the Agreement and EagleBurgmann's business relationships. (ECF No. 1).

2. As part of its lawsuit, EagleBurgmann has sought to enjoin Bernstein from breaching his Agreement and unlawfully competing against EagleBurgmann in a similar role that he worked in for EagleBurgmann for the past seven and a half years, to enjoin both Bernstein and PSIG from misappropriating EagleBurgmann's trade secrets, and to prevent PSIG from tortiously interfering with said Agreement and EagleBurgmann's business, and to recover related damages. *Id.*

3. Defendants deny that Bernstein's Agreement is enforceable, that one or both of them have misappropriated Eagleburgmann's trade secrets, that PSIG has tortiously interfered with the Agreement or EagleBurgmann's business, and that EagleBurgmann is entitled to any damages.[1]

4. However, without admitting the enforceability of the underlying Agreement or that Bernstein allegedly retained or provided to PSIG constitutes Confidential Information and/or Trade Secrets, to avoid certain further expenses and resolve the injunctive portion of EagleBurgmann's claims, the Parties have agreed to and jointly seek the entry of the attached Agreed Injunction.

---

[1] The Parties understand and agree that the issues of costs, fees, and damages are expressly reserved from this Injunction. Nothing in this Injunction modifies or supersedes any other legal rights of the parties (including, e.g., Bernstein's alleged obligations to EagleBurgmann in his Agreement) except as expressly modified herein.

## **ARGUMENT**

5. To be entitled to a preliminary injunction, an applicant must typically show: (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) its substantial injury outweighs the threatened harm to the party whom its seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

6. However, those requirements need not be independently proven where the injunction is entered by consent. Rather, where the parties approach the Court seeking agreed injunctive relief, the Court need only determine that the proposed injunction (1) "arise[s] from the pleaded case and further[s] the objectives of the law upon which the complaint is based", (2) is otherwise fair, adequate and reasonable, (3) is not itself unlawful, and (4) does not unreasonably restrict the rights and interests of third parties. *League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 999 F.2d 831, 846 (5th Cir. 1993) (cites and quotes omitted); *see also United States v. City of New Orleans*, 731 F.3d 434, 439 (5th Cir. 2013) (upholding consent decree that the district court determined to be fair, adequate, and reasonable). Here the Agreed Injunction meets all of the requirements for agreed injunctive relief.

**A.      The Agreed Injunction arises from the Complaint and furthers the objectives of the law upon which the Complaint is based**.

7.      First, the requested relief in the proposed Agreed Injunction arises directly out of the allegations in EagleBurgmann's Complaint and furthers the objectives of the law upon which the Complaint is based.  For example, the Agreed Injunction orders Bernstein to abide by certain provisions of his Agreement with EagleBurgmann for an agreed-upon period of time.  This Agreement, and Bernstein's alleged breach of this Agreement, are the basis of all three of EagleBurgmann's claims for breach of contract.  (*See* ECF. No. 1 at 17-21.)

8.      The Agreed Injunction further prohibits PSIG for a specific period of time from soliciting certain customers and potential customers who are also customers and potential customers of EagleBurgmann.  Such restrictions on solicitations arise out of EagleBurgmann's alleged claims of tortious interference of contract, tortious interference of business relations, and misappropriation of trade secrets.  (*See* ECF No. 1 at 22-29) (alleging, e.g., that PSIG unlawfully used EagleBurgmann's trade secrets and employed Bernstein to breach his Agreement with EagleBurgmann to unlawfully compete and solicit EagleBurgmann customers).

9.      Finally, the Agreed Injunction orders Defendants to provide notices and certifications of compliance with the Agreed Injunction, to return or destroy any Confidential Information and/or Trade Secret information they may have obtained or received, and to not use such information moving forward.  Once again, these

- 4 -

orders and prohibitions relate directly to EagleBurgmann's claims of breach of contract, tortious interference, and trade secret misappropriation, and further the objectives of the law on which they are based.  (*See* ECF No. 1 at 25-29.)

**B.      The Agreed Injunction is fair, adequate, and reasonable.**

10.      Second, the Agreed Injunction is fair, adequate, and reasonable to address the Parties' dispute.  For example, in addition to its prohibitions, the Agreed Injunction expressly carves out certain activities that Bernstein *may* engage in notwithstanding the terms of his Agreement, including what work he *may* perform and what communications he *may* have with EagleBurgmann customer representatives with whom Bernstein claims to have a personal relationship.  These provisions reflect a compromised settlement and resolve disputes between the Parties regarding permissible activities moving forward, and they provide Bernstein with clarity regarding how to order his affairs and obtain gainful employment.

11.      Similarly, the Agreed Injunction identifies certain customers that PSIG *may* solicit, and it creates a defined universe of third parties from which PSIG is prohibited to solicit for a limited period of time.  Once again, this provides clarity between the Parties regarding permissive and prohibited behavior and allows the Parties to move forward with other lawful commercial activities with greater certainty.

12.    Finally, the Agreed Injunction requires quarterly certifications from Defendants that they are complying with the terms of the Agreed Injunction, which provides EagleBurgmann with assurances that its claimed protectible business interests –  which form the heart of EagleBurgmann's lawsuit – are being safeguarded.

13.    In conclusion, the Agreed Injunction strikes a balance between the Parties' interests and allows for predictability so that the Parties may order their affairs.  Accordingly, it is fair, adequate, and reasonable.

**C.    The Agreed Injunction is not otherwise unlawful.**

14.    Third, the Agreed Injunction does not itself violate any other laws.  It looks to enforce terms of an alleged pre-existing agreement between two of the parties for an additional period of time, protects EagleBurgmann's claimed business interests (in e.g., customer goodwill, employee training, confidential information, and trade secrets), and provides a path for Defendants to engage in certain otherwise lawful commercial activities moving forward.

**D.    The Agreed Injunction does not unreasonably restrict third-party rights or interests.**

15.    Finally, the Agreed Injunction does not directly enjoin any third parties who are not before the Court or unreasonably restrict their interests.  Indeed, it only impacts certain third-party interests to the extent that Defendants cannot conduct certain business with them for a limited period of time.  This limited restriction,

- 7 -

however, is not unreasonable, because it is designed to protect EagleBurgmann's claimed ongoing protectible business interests.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Parties respectfully request that the Court enter the attached proposed Agreed Injunction.

DATED:  June 18, 2026

 Respectfully submitted,

FISHER PHILLIPS LLP

SEYFARTH SHAW LLP

By: */s/ Lauren S. Frisch (by permission)*

Lauren S. Frisch (*Pro Hac Vice*)
Attorney in Charge
Georgia Bar No. 410927
1230 Peachtree Street NE, Ste. 3300
Atlanta, Georgia 30309
lfrisch@fisherphillips.com
Telephone: 404.231.1400
Facsimile: 404.240.4249

Emily P. Harbison
State Bar No. 24059892
Southern District No. 902584
910 Louisiana Street, Suite 4000
Houston, Texas 77002
eharbison@fisherphillips.com
Telephone: 713.292.5620
Facsimile: 713.292.0151

Henry C. Fink (*Pro Hac Vice*)
Georgia Bar No. 180283
1230 Peachtree Street NE, Ste. 3300
Atlanta, Georgia 30309
hfink@fisherphillips.com
Telephone: 404.231.1400
Facsimile: 404.240.4249

ATTORNEYS FOR DEFENDANTS
MICHAEL BERNSTEIN and
PRECISION SERVICES INDUSTRIAL
GROUP, LLC

By: */s/ Jesse M. Coleman*
Mitchell A. Robinson*
Georgia Bar No. 457665
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
mrobinson@seyfarth.com
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Jesse M. Coleman
Texas Bar No. 24072044
700 Milam Street
Suite 1400
Houston, Texas 77002-2812
jmcoleman@seyfarth.com
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Admitted *Pro Hac Vice**
ATTORNEYS FOR PLAINTIFF
EAGLEBURGMANN INDUSTRIES
LP

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of June 2026 I have filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lauren S. Frish
Henry C. Fink
FISHER PHILLIPS LLP
1230 Peachtree Street, N.E., Suite 3300
Atlanta, Georgia 30309
lfrish@fisherphillips.com
hfink@fisherphillips.com

Emily P. Harbison
FISHER PHILLIPS LLP
910 Louisiana Street, Suite 400
Houston, Texas 77002
eharbison@fisherphillips.com

*/s/ Jesse M. Coleman*
Jesse M. Coleman

- 9 -